NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS C. LEWIS,<br><br>                   Plaintiff,<br><br>         v.<br><br>CREDICO, INC. d/b/a CREDIT COLLECTIONS BUREAU,<br><br>                   Defendant. | Case No. 8:18-cv-02127<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes TRAVIS C. LEWIS ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of CREDICO, INC. d/b/a CREDIT COLLECTIONS BUREAU ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1367, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Orange County, California, which lies within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant boasts that its "collection management team has over 100 years of experience in third part[y] collections."[1] Defendant is a corporation organized under the laws of the state of South Dakota with its principal place of business located at 410 Sheridan Lake Road, Rapid City, South Dakota 57702-2495.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

9. Several years ago, Plaintiff received medical services at Health First Rapid Care, Inc. ("Rapid Care").

---

[1] https://www.ccbinet.com/about-us/about-our-staff/

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Rapid Care, thus incurring debt ("subject debt").

11. Upon information and belief, Rapid Care charged-off the subject debt in the amount of $465.67. Thereafter, Rapid Care stopped sending periodic billing statements regarding the subject debt.

12. On or about October 22, 2018, Defendant mailed or caused to be mailed to Plaintiff a "dunning" letter ("Dunning Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Dunning Letter to Plaintiff, attached hereto as* **Exhibit "A"**.

13. Defendant's collection letter listed the amount due as $465.67.

14. Defendant's Dunning Letter states, in part: "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." This language will hereinafter be referred to as the "interest/fee language."

15. Plaintiff was misleadingly led to believe that Defendant had the lawful ability to collect interest, fees, and other costs through the inclusion of line items for post charge-off costs, when such right was waived, and/or when no such right existed in the underlying contract.

16. Plaintiff spoke with Wajda regarding the correspondence resulting in pecuniary loss and expenditure of resources.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1988.[2]

22. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

25. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its Dunning Letter that it had the ability to add interest, fees, and other costs to the subject debt. The Dunning Letter's "interest/fee language" states, in pertinent part: "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the Dunning Letter. Upon information and belief, Rapid Care charged-off the subject debt in the amount of $465.67, and stopped sending periodic billing statements. Thereafter,

---

[2] https://www.acainternational.org/search#memberdirectory

Defendant began collecting upon the subject debt and mailed a Dunning Letter to Plaintiff with an amount due of $465.67. Accordingly, Rapid Care and its successors waived the right and ability to add interest and other charges. In addition, these "other charges" were not part of the underlying agreement between Plaintiff and Rapid Care. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such interest or fees. Defendant intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt with Defendant, then a subsequent debt collector may add additional fees and interest – even though such interest and fees were not properly collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt with Defendant, lest he be subjected to additional interest or fees by a subsequent debt collector.

   **b.  Violations of FDCPA § 1692f**

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

28. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its Dunning Letter. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of the Dunning Letter violate the FDCPA.

WHEREFORE, Plaintiff, TRAVIS C. LEWIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

30. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

31. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   a. **Violations of RFDCPA § 1788.17**

33. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

34. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. In its collection attempts, Defendant deceptively suggested that it could collect amounts above and what was lawfully allowed. Defendant deceptively and unconscionably alluded that it could collect interest and other charges in its Dunning Letter. However, Rapid Care and its successors waived the right and ability to add interest and other charges, and the agreement between Plaintiff and Rapid Care did not allow for the disposition of such charges. It was a legal impossibility for Defendant to add interest and other

6

charges to the subject consumer debt at the time the Dunning Letter was sent. Defendant purposefully included this misleading language to instill a false sense of urgency in Plaintiff so that he would be compelled to make prompt payment.

35. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, TRAVIS C. LEWIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: November 30, 2018            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com